**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04476-GW (SK) | Date | June 4, 2018 |
|---|---|---|---|
| Title | Pedro Martinez v. J. Robertson | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: MIXED PETITION**

Petitioner, a California state prisoner, raises four claims challenging his 2014 conviction and sentence for first degree murder, attempted murder, and various sentencing enhancements. (Pet., ECF No. 1 at 2). But Petitioner admits that he has not raised claims two through four in the California Supreme Court either on direct review or in a state habeas proceeding. (Pet. at 15–16).

Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each claim presented in the federal petition. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct alleged violations of the petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to exhaust his federal claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

If a federal petition contains both exhausted and unexhausted claims, it is deemed a mixed petition that must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, a habeas action with a mixed petition cannot proceed unless either the petition is amended to strike the unexhausted claims, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), or a stay of the action is obtained by satisfying the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). A *Rhines* stay is "available only in limited circumstances," *id.* at 270, where the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Alternatively, if the statute of limitations under 28 U.S.C. § 2244(d) has not lapsed, a petitioner remains free to voluntarily dismiss the mixed petition without prejudice, return to state court to fully exhaust his claims, and then file a fully-exhausted petition before the expiration of the limitations period. *See Rose*, 455 U.S. at 518.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04476-GW (SK) | Date | June 4, 2018 |
|---|---|---|---|
| Title | Pedro Martinez v. J. Robertson | | |

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before July 6, 2018** why the Court should not dismiss the Petition for failure to exhaust state court remedies as to each claim presented. To satisfy and discharge this Order to Show Cause, Petitioner may provide evidence that he has fully exhausted all claims or file an amended petition that deletes his unexhausted claims. An amended petition should be entitled First Amended Petition, contain only the exhausted claims, and be complete in itself without reference to the original petition.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action or seeks to return to state court to fully exhaust within the time allowed by the statute of limitations, he may voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.